Shepherd vs. The State.

SHEPHERD vs. THE STATE.

1. NEW TRIAL: *Surprise. Discretion of court.*
A motion for new trial on the ground of surprise is addressed to the sound discretion of the circuit court, whose judgment upon it will not be overruled by this court unless clearly wrong.

ERROR to *White* Circuit Court.
Hon. J. N. CYPERT, Circuit Judge.
*House,* for plaintiff in error.
*Henderson, Attorney General, contra.*

HARRISON, J.  The plaintiff in error was indicted for an assault and battery upon one Bruin Edwards, and was convicted and fined ten dollars.

He moved for a new trial upon the grounds that (1) the court excluded from the jury competent and relative evidence offered by him; (2) he was surprised by the evidence of the state's witness, Bruin Edwards; and (3) the verdict was against the evidence—which motion was overruled.

Bruin Edwards testified for the state that he was, on the evening of December 24, 1878, at the academy in the town of Judsonia, and that whilst there he was arrested and put in the custody of two men, one of whom was Horace Turner—the other he did not know—who took hold of him immediately in front of the academy, and led him, one walking on each side of him, to the guard-house, about a quarter of a mile from the academy.  That after his arrest, and just before or after he passed through the academy inclosure, which was some thirty or forty feet from the academy, he was struck a severe blow on the back part of the head, which caused the blood to flow, and that when he reached the guard-house, he asked who it was that struck him after he was arrested, and the defendant answered: "I am the man that did it."

Upon cross-examination, he said he was arrested outside of the academy, but had just before been in it; and whilst standing in the aisle, he was seized by the defendant around the arms and waist, and a crowd rushing up to them, eight or ten persons—himself among them—fell out of the door.

He was then asked what he was doing in the academy, and what was going on in it when the defendant seized him, and to state all that occurred in connection with the defendant's conduct in throwing his arms around

him. But upon objection by the state's attorney, the court refused to allow him to answer the question, and so to state.

The state then proved by two other witnesses that they heard the defendant tell Edwards at the guard-house, when he asked who struck him, that he did.

The defendant then called C. C. Shepherd, who testified that Edwards, as soon as he got up after falling out of the door, commenced cutting at those around him, and he cut the defendant slightly on the wrist, and the town marshal severely about the hip. That he was immediately arrested and taken to the guard-house. The witness followed, starting after them at about fifteen or twenty steps outside the inclosure, and keeping three or four steps behind, and that no assault was made upon him whilst he was behind them. That the two men who took him to the guard-house were Horace Turner and Mitchell Riley.

J. C. White, another witness for the defendant, testified that when Edwards was taken to the guard-house, he walked on just behind up to town, and that he was struck by no one whilst he was along.

Dr. J. S. Eastland also testified for the defendant—that he saw the defendant when he caught hold of Edwards in the academy; and that after falling down the steps in the scuffle which ensued, Edwards sprang up and commenced cutting right and left with his knife, and cut the defendant on the wrist, and stabbed the marshal severely in the groin. That he went along when Edwards was taken to the guard-house until he got in town, walking about thirty feet to the left of him, and he did not think any one could have struck him without his seeing it, and was satisfied he was not struck by any one after his arrest.

The defendant offered to prove by these and other witnesses—but which the court upon objection by the attorney for the state would not permit him to do—that Edwards came drunk into the academy where there were a great many persons assembled, many of them women and children, it being a Christmas-tree occasion, and was cursing and swearing, and so loud as to be heard all over the house, to the annoyance of the persons in it; that the town marshal went up to him and politely requested him to be quiet, but when he turned away from him he began talking and cursing very loud again, and the marshal again went to him, and in a gentle manner put his hand upon his shoulder and walked down the aisle with him to near the door, and pointing out a seat to him asked him to take it and be quiet; and as the marshal then turned a little from him, Edwards took his knife from his pocket, and opened it in a threatening manner and as if he was going to cut the marshal, when the defendant sprang forward and caught him around the arms and waist.

The evidence rejected by the court was irrelevant to the issue, and was properly excluded from the jury. If admitted, it would not have tended to disprove the charge or mitigate the punishment.

The defendant, in support of his motion for a new trial, swore that he was surprised by the testimony of Edwards. That he always supposed he was indicted for catching hold of Edwards in the academy, and did not know until he heard his testimony, that he accused him of striking him after his arrest; and that he would prove by Horace Turner and Mitchell Riley, who took him to the guardhouse, that he did not strike him; but that not supposing Edwards would testify as he did, he did not have them summoned. And he filed the affidavit of Turner and

Riley, that Edwards was not struck by him or any one after his arrest.

A motion for a new trial on the ground of surprise is addressed to the sound discretion of the court, whose judgment upon it this court will not overrule unless it be clearly wrong. *Nelson v. Waters, 18 Ark., 574; Cocker v. The State, 20 Ark., 62; Hill on New Trials, 379.*

The discretion of the court in this case was soundly exercised, for it was not shown that the testimony of Turner and Riley might not have been had at the trial, though not summoned—and for anything appearing to the contrary, they may have been present or conveniently near.

There can be no question as to the sufficiency of the evidence.

The judgment is affirmed.